
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORMA LETICIA SABINO HERNANDEZ, <br><br>             Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>             Respondent. | No.   20-72562 <br><br> Agency No. A206-269-157 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023[**]
Pasadena, California

Before: PAEZ, CHRISTEN, and MILLER, Circuit Judges.

Norma Leticia Sabino Hernandez petitions for review of the Board of

Immigration Appeals' order dismissing her appeal from an Immigration Judge's

(IJ's) decision denying her applications for asylum, withholding of removal, and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

1. First, we conclude substantial evidence supports the agency's adverse credibility determination. The IJ observed that there was a nontrivial inconsistency between one of Sabino Hernandez's declarations and her testimony, that aspects of her factual account were implausible, and that she admitted she had presented false documents in at least some of her previous attempts to enter the United States. These considerations were proper under the REAL ID Act and constitute "specific and cogent" reasons supporting the IJ's adverse credibility determination. *Shrestha v. Holder*, 590 F.3d 1034, 1042–43 (9th Cir. 2010); *see* 8 U.S.C. § 1158(b)(1)(B)(iii) (allowing consideration of, among other things, the "inherent plausibility" of the petitioner's account and the consistency between the petitioner's written and oral statements); *Li v. Garland*, 13 F.4th 954, 960–61 (9th Cir. 2021) (observing that the petitioner's submission of false information in a visa application supported the BIA's adverse credibility determination).

2. Substantial evidence supports the agency's denial of Sabino Hernandez's asylum and withholding claims because she failed to show the Mexican government is unable or unwilling to protect her from her assailants. Though she argues the police were "not very helpful" after she was kidnapped and shot, the

2

record shows the police arrived 30 minutes after being called, took Sabino Hernandez to the police station to be treated by Red Cross paramedics, took her to a hospital, and had her sign documents at the prosecutor's office after she was released from the hospital. Sabino Hernandez does not know whether the police continued investigating the shooting because she left for the United States a few days after being released from the hospital and did not provide the police with her contact information. Substantial evidence therefore supports the IJ's ruling that Sabino Hernandez failed to show Mexican authorities would be unwilling or unable to protect her from her assailants. *See, e.g.*, *Doe v. Holder*, 736 F.3d 871, 878 (9th Cir. 2013) (holding that "where the asylum applicant failed to provide the police with sufficiently specific information to permit an investigation or an arrest," the police's inability to solve a crime does not show government inability or unwillingness to control persecutors).

3. Substantial evidence also supports the agency's denial of Sabino Hernandez's CAT claim. To obtain CAT relief, Sabino Hernandez needed to establish a likelihood of torture by or with the consent or acquiescence of the Mexican government. *See* 8 C.F.R. §§ 208.16(c)(2), 208.18(a)(1). As discussed, the police response to the shooting does not support Sabino Hernandez's argument that the Mexican government would consent or acquiesce to her assailants torturing

3

her. Sabino Hernandez submitted a country conditions report stating that armed groups have on occasion targeted migrants in Mexico, but as the IJ observed, the report also notes efforts by the Mexican government to combat this problem. Substantial evidence supports the conclusion that Sabino Hernandez failed to meet her burden to obtain CAT relief.

The motion for stay of removal (Dkt. No. 1) is denied.

**PETITION FOR REVIEW DENIED.**